UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   2:20CV10-PPS/JPK |
| | ) |
| BACKSTAGE OF INDIANA, LLC | ) |
| d/b/a Backstage on Broadway, and | ) |
| MARCELL JACKSON, Individually, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Broadcast Music, Inc. and a number of copyright holders in musical compositions brought this action against Backstage of Indiana, LLC and Marcell Jackson, alleging that at the defendants' club, Backstage on Broadway, a number of copyrighted songs were publicly performed without a license. This allegedly occurred despite BMI's efforts (more than 70 times since August 2017), to "educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire." [DE 1 at ¶22.] Based on claims of copyright infringement, the plaintiffs seek injunctive relief and statutory damages. [*Id.* at 6.]

Now before me is a motion to dismiss filed by Marcell Jackson, acting *pro se*. Jackson argues that the defendants' "use of the material is legally protected because it falls within The Fairness in Music Licensing Act which increased the number of

bars and restaurants that were exempted from needing a public performance license to play music or television during business hours." [DE 8 at 1.] The motion alleges that Backstage on Broadway is no longer operational, and that it was an "eating and drinking establishment with a modest seating capacity [of] < 65." [*Id.*] As the Supreme Court has explained, the Fairness in Music Licensing Act "exempts small business, restaurants, and like entities from having to pay performance royalties on music played from licensed radio, television, and similar facilities." *Eldred v. Ashcroft*, 537 U.S. 186, 220 (2003), citing 17 U.S.C. §110(5)(B).

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint is only required to "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The required facial plausibility means "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In deciding a motion to dismiss, the court accepts the well-pleaded factual allegations in the complaint as true, and draws all reasonable inferences in favor of the plaintiffs. *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016).

The complaint alleges that BMI "has been granted the right to license the public performance rights in 14 million copyrighted musical compositions (the 'BMI Repertoire'), including those which are alleged herein to have been infringed." [DE 1

at ¶3.] Defendant Backstage of Indiana, LLC is alleged to operate and control the Backstage On Broadway establishment, and Marcell Jackson is allegedly an owner of the LLC with responsibility for the operation and management of both the LLC and the club. [*Id*. at ¶¶16, 19.] Six claims of copyright infringement are made, supported by allegations identifying the copyrighted works and the dates on which the defendants allegedly publicly performed the work or caused it to be publicly performed at the club without license to do so. [*Id*. at ¶¶23, 24, 28.] These allegations are adequate to state claims of copyright infringement and to survive a motion to dismiss under Rule 12(b)(6).

Jackson's argument alludes to an affirmative defense to a claim of copyright infringement, available under 17 U.S.C. §110(5)(B). That provision exempts from copyright infringement claims certain transmissions of musical works by food service or drinking establishments depending on their gross square footage. Jackson doesn't offer a representation about square footage but about seating capacity. In any event, his argument and factual assertion are better suited to a motion for summary judgment. As the Seventh Circuit Court of Appeals explains: "A motion to dismiss asserts that the complaint is defective. A motion for summary judgment asserts that the evidence of record would not permit a reasonable jury to find for the nonmoving party." *Young v. United States*, 942 F.3d 349, 350-51 (7th Cir. 2019). But even if I were to construe the motion as one for summary judgment because of the

3

nature of the argument Jackson makes, the motion would be denied because a summary judgment motion requires reliance on evidence, and Jackson has offered only his assertion about the size of the establishment, not any proof as to the facts pertinent to his legal argument.

Because the complaint adequately pleads claims of copyright infringement, satisfying the requirements of *Iqbal* and *Twombly*, the motion to dismiss must be denied.  The motion will not be construed as a motion for summary judgment because even in that guise the motion would be without merit.

**ACCORDINGLY:**

Defendant Marcell Jackson's Motion to Dismiss [DE 7] is DENIED.

**SO ORDERED**.

ENTERED: May 14, 2020.

    /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT